UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NIGEL CLARKE,

                              Petitioner,

                                                      9:05-CV-1411
v.                                                    (GTS/RFT)

THOMAS POOLE; and ELIOT SPITZER,

                              Respondents.

_____

APPEARANCES:                                OF COUNSEL:

NIGEL CLARKE, 00-A-5653
   Petitioner, *Pro Se*
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, New York 14541

HON. ANDREW M. CUOMO                       PAUL M. TARR, ESQ.
Attorney General for the State of New York  Assistant Attorney General
   Counsel for Respondents
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

          Nigel Clarke ("Petitioner") brought this petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  (Dkt. No. 1.)  By Report-Recommendation dated May 6, 2009, the Honorable

Randolph F. Treece, United States Magistrate Judge, recommended that the Petition be denied

and dismissed, and that a certificate of appealability not issue.  (Dkt. No. 39.)  Petitioner timely

filed his Objections to the Report-Recommendation on June 26, 2009.[1]  (Dkt. No. 41.)  For the

_____

          [1]          Although Petitioner's Objections were due on June 22, 2009, Petitioner has
provided the Court with sufficient proof that service was attempted on June 22, 2009.  As a

reasons discussed below, Magistrate Judge Treece's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's Petition is denied and dismissed in its entirety.

## I.      APPLICABLE LEGAL STANDARDS

### A.      Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed.

_____

result, the Court construes Petitioner's Objections as timely.

[2]       On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[3]       *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing Review of Petitioner's Habeas Petition**

Magistrate Judge Treece correctly recited the legal standard governing review of Petitioner's habeas petition.  (Dkt. No. 79, at 6-18.)  As a result, this standard is incorporated by reference in this Decision and Order.

**II.**      **DISCUSSION**

For the sake of brevity, the Court will not repeat the factual background of Petitioner's August 2000 conviction for intentional murder in the second degree and criminal possession of a weapon in the second degree, but will simply refer the parties to the relevant portions of Magistrate Judge Treece's Report-Recommendation, which accurately recite that factual background.  (Dkt. No. 39, at 2-6.)

In his Petition, Petitioner asserts three claims in support of his request for habeas relief.[4] In his Report-Recommendation, Magistrate Judge Treece recommends that the Court deny each of these three claims.  (*Id*. at 12-25.)  In his Objections to Magistrate Judge Treece's Report-Recommendation, Petitioner argues that Magistrate Judge Treece incorrectly applied the applicable law to his claims.  (Dkt. No. 41.)  More specifically, Petitioner advances the following four arguments.

---

[4]      These claims are discussed in Magistrate Judge Treece's Report-Recommendation.  (Dkt. No. 39, at 8-24 [Rep.-Rec.].)

First, with regard to his claim that he was not provided with constitutionally sufficient notice of the charges against him, Petitioner argues that Magistrate Judge Treece erred in "blindly adher[ing] to the retroactivity decree promulgated by the New York Court of Appeals in *Policano v. Herbert*, 7 N.Y.3d 588, 589 (N.Y. 2006)." (Dkt. No. 41, at 2.)  In particular, Petitioner argues that the state statute under which he was charged with depraved indifference had been wrongly interpreted when he was charged with this crime, as evidenced by *New York v. Feingold*,[5] and that it was improper for Magistrate Judge Treece to apply this "wrong" interpretation to Petitioner's Petition based on the fact that that was the law when Petitioner was convicted.  (*Id.*)

Second, also with regard to his claim that he was not provided with constitutionally sufficient notice of the charges against him, Petitioner argues that, even assuming that Magistrate Judge Treece was correct in "deferr[ing] to a state court's interpretation of state law no matter how erroneous that interpretation may be," his decision is improper because he failed to indicate exactly "when" the depraved indifference law changed, as required by a federal court reviewing a habeas petition according to *Fiore v. White*, 531 U.S. 225 (2001).  (Dkt. No. 41, at 12.)  In particular, Petitioner argues that, because the law changed before Petitioner's conviction became final, Magistrate Judge Treece's refusal to apply this "new" standard "contravenes due process." (*Id.*)

Third, with regard to his claim for ineffective assistance of trial counsel and ineffective assistance of appellate counsel, Petitioner argues that it was improper for Magistrate Judge

---

[5]        The Court notes that *New York v. Feingold*, 7 N.Y.3d 288 (N.Y. 2006), which was issued after Petitioner's conviction became final on August 26, 2004, officially changed New York's law regarding depraved indifference murder.  *See Henry v. Ricks*, No. 07-4178, 2009 WL 2424572, at *2-5 (2d Cir. Aug. 10, 2009).

Treece to conclude that Petitioner's trial counsel's failure to raise a certain argument (about the impropriety of his arrest) does not amount to ineffective assistance of trial counsel. (Dkt. No. 41, at 13-14.) In particular, Petitioner argues that his arrest was improper because, although the police had a warrant for his arrest, they did not have a valid "search" warrant to enter his aunt's home, and therefore the entry into the aunt's home without consent and subsequent arrest of Petitioner was unlawful. (*Id.*)

Fourth, with regard to his claim for ineffective assistance of trial counsel and ineffective assistance of appellate counsel, Petitioner argues that it was improper for Magistrate Judge Treece to conclude that whatever prosecutorial misconduct occurred during trial was harmless, in light of the overwhelming evidence against him, because the prosecution's remarks "had the tendency to shift the burden of proof to [him]." (*Id.* at 14.)

For the sake of brevity, the Court will assume that Petitioner has made sufficiently specific objections to each of the recommendations in Magistrate Judge Treece's Report-Recommendation, and will therefore subject that Report-Recommendation to a *de novo* review.

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation and Plaintiff's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge Treece, and rejects each of Plaintiff's Objections thereto. (Dkt. Nos. 39, 41.) Magistrate Judge Treece employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 39, at 6-25.) As a result, the Court accepts and adopts Magistrate Judge Treece's Report-Recommendation in its entirety for the reasons stated therein. The Court would add only three points.

First, with regard to Petitioner's argument that Magistrate Judge Treece erroneously

adhered to the retroactivity bar, the Second Circuit recently clarified that "the Due Process Clause does not require the retroactive application of a new interpretation of a criminal statute by the New York Court of Appeals in [a court's] collateral review of a conviction." *Henry*, 2009 WL 2424572, at *5.

Second, with regard to Petitioner's argument that Magistrate Judge Treece failed to engage in a *Fiore* analysis, to the extent that "the 2004 rulings in *Payne* and *Gonzalez* . . . held that a depraved indifference theory should not be charged or that a jury verdict of depraved indifference murder should not stand if a trial or reviewing court concludes that the evidence would only support a verdict of intentional murder, they represent a decided sea change in New York law as previously established by *Green*, *Register*, *Gallagher*, and *Sanchez*." *Policano v. Herbert*, 453 F.3d 79, 88 (2d Cir. 2006).  In other words, at least prior to this 2004 line of cases, there is no doubt that a criminal defendant could be charged with both depraved indifference and intentional murder.  Petitioner was charged in March 2000.  Moreover, the Second Circuit's holding in *Henry* makes clear that a court reviewing a habeas petition that asserts an impropriety with a charge and/or conviction must apply the law in place at the time of the charge and/or conviction.

Third, and finally, as noted above, the change in the law regarding a depraved indifference charge did not become official until the *Feingold* decision in 2006 (*see Henry*, 2009 WL 2424572, at *2-5), and Petitioner's conviction became final in August 2004.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 39) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that the Second Amended Petition for a Writ of *Habeas Corpus* (Dkt. No. 27) is **DENIED** and **DISMISSED** in all regards; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Plaintiff has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: September 8, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge